-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES SEELEY, 03A1621

    Plaintiff,

-v-                                        DECISION AND ORDER
                                                      10-CV-6570CJS

DR. SANDRA BOEHLERT, et al.,

    Defendants.

---

    Plaintiff James Seeley, a prisoner proceeding *pro se*, was granted permission to proceed *in forma pauperis* (Docket No. 3). Summons and complaints were mailed by the Marshal's Service on May 16, 2011 to named defendants Diaz, Koenigsmann, and Jamison. The summons and complaints for defendants Diaz and Koenigsmann were received by the mail room at the Department of Correctional Services on May 18, 2011, as indicated by the completed Marshal Process Receipt and Return forms (Docket No. 39). The summons and complaint for defendant Jamison was received by a Debra Shetler at Livingston Correctional Facility on May 17, 2011, as indicated by the completed Marshal's Process Receipt and Return form (Docket No. 39). None of these three defendants have acknowledged service or answered the complaint.

    As a *pro se* prisoner-litigant proceeding *in forma pauperis,* plaintiff is "entitled to rely on service by the U.S. Marshals." *Romandette v.. Weetabix Co.,* 807 F.2d 309, 311 (2d Cir.1986) (citing Fed.R.Civ.P. 4(c)(2)). So long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m).

See *Moore v. Jackson,* 123 F.3d 1082, 1085-86 (8th Cir.1997); *Bird v. Stone,* 94 F.3d 217, 220 (6th Cir.1996); *Dumaguin v. Sec'y of HHS,* 28 F.3d 1218, 1221 (D.C.Cir.1994); *Puett v. Blandford,* 912 F.2d 270, 276 (9th Cir.1990); *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir.1990). None of the service forms mailed to defendants by the Marshal's Service on May 16, 2011 have been returned indicating in any way that service at the addresses provided by plaintiff was not possible. Nor have acknowledgments of service been received by the Marshal's Service or the Court.

The Court hereby requests that the Attorney General of the State of New York assist the Court in ascertaining what impediments there may be in the Marshal's attempts to serve the named defendants. The Attorney General of the State of New York is requested to provide any information he can ascertain by **January 20, 2012.** The Clerk of Court shall send a copy of this Order and the complaint to Benjamin A. Bruce, Assistant Attorney General, who is counsel of record for the defendants that have appeared in this action, and shall also send a copy of this Order and the complaint to Debra A. Martin, Esq., Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614.

SO ORDERED.

Dated: Dec. 21, 2011
Rochester, New York

*Charles Siragusa*
CHARLES J. SIRAGUSA
United States District Judge